UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH ANDRE WILSON, TDCJ # 00755744, | § § § § | |
| Plaintiff, VS. | § § § | CIVIL ACTION NO. 4:19-4444 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § § § § | |
| Defendant. | § § | |

## ORDER OF DISMISSAL

Plaintiff Keith Andre Wilson, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* in this civil rights suit. Wilson has not paid the filing fee and seeks leave to proceed *in forma pauperis* (Dkt. 3). Having reviewed the pleadings and the plaintiff's litigation history, the Court **dismisses** this case for the reasons explained below.

Wilson's initial document (Dkt. 1), which was docketed as a complaint, is entitled "motion for recruiting of counselor." Wilson gives a lengthy account of his 20-year search for legal representation since his arrest in 1996. He states that he is unable to afford an attorney and appears to request that this Court revisit past decisions in separate lawsuits to deny him appointed counsel. The filing makes no substantive claims for relief under 42 U.S.C. § 1983 or other law, but only seeks counsel. Because there is no case or controversy before this Court, the Court lacks subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992) (jurisdiction of the federal

courts is constitutionally limited to "cases" and "controversies"); *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). The lawsuit is subject to dismissal on this basis. *See* FED. R. CIV. P. 12(b)(1).

Additionally, to the extent the document could be construed as a civil rights complaint, Wilson is barred from proceeding *in forma pauperis*. Under the "three strikes" rule found in the Prison Litigation Reform Act ("PLRA"), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of imminent danger must be "real and proximate," and allegations regarding past harms do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Plaintiff has filed numerous previous lawsuits, including at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Wilson v. Dill*, Civil Action No. 2:97-0281 (N.D. Tex. Nov. 3, 1999); *Wilson v. Dill*, Appeal No. 99-11297 (5th Cir. June 14, 2000); *Wilson v. Texas Tech Univ. Health Sci. Ctr.*, Civil Action No. 7:05-0032 (N.D. Tex. Feb. 11, 2005). He also has filed

multiple suits that were dismissed as barred under § 1915(g). *See, e.g., Wilson v. TDCJ*, Civil Action No. 4:09-2501 (S.D. Tex. Sept. 1, 2009); *Wilson v. Crain*, Civil Action No. 5:07-0543 (W.D. Tex. July 12, 2007). Wilson therefore may not proceed *in forma pauperis* absent a showing of imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885.

Wilson's filings do not allege imminent physical danger. Because he is not otherwise eligible to proceed *in forma pauperis*, the Court will dismiss the complaint without prejudice as barred by Section 1915(g).

Based on the foregoing, the Court **ORDERS** as follows:

1. Wilson's motion for leave to proceed *in forma pauperis* (Dkt. 3) is **DENIED**.

2. This civil action is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1915(g).

2. All pending motions are **DENIED** as moot.

3. The Clerk is **INSTRUCTED** to provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED this day 19th day of November, 2019.

_____
George C. Hanks Jr.
United States District Judge